**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**J.H., by J.A.H., his next friend, parent
and natural guardian,**

      **Plaintiff,**　　　　　　　　　　Case No. _____

vs.　　　　　　　　　　　　　　　　**State Court Case No. 19-CA-5492**

**THE SCHOOL BOARD OF
HILLSBOROUGH COUNTY, FLORIDA
and HECTOR VILLAFANE,**

      **Defendants.**
_____/

**DEFENDANTS' NOTICE OF REMOVAL**

Defendants, The School Board of Hillsborough County, Florida (the "School Board") and Hector Villafane (collectively, the "Defendants"), by and through their undersigned counsel, and pursuant to 28 U.S.C. § 1331, hereby remove to this Court the state court action described below:

**Background and Plaintiff's Allegations**

1.      This action was filed on May 24, 2019, in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, styled *J.H., a minor, by J.A.H, his next friend, parent, and natural guardian, v. The School Board of Hillsborough County, Florida and Hector Villafane*, Case No. 19-CA-5492 (Fla. 13th Jud'l Cir.) (the "State Court Action")

49044495;2

2. Plaintiff filed the State Court Action alleging damages resulting from injuries J.H. sustained at Greco Middle School where he received Exceptional Student Education ("ESE") services for his Autism Spectrum Disorder.

3. Greco Middle School ("Greco") is a public School located at 6925 East Fowler Avenue in Temple Terrace, Hillsborough County, Florida. The School Board exercises jurisdiction over Greco.

4. Plaintiff alleges the Defendants failed to provide reasonable accommodations for J.H.'s disability, protect him from abuse, and protect him from discrimination based on disability, and caused injuries to J.H. as a result of alleged negligence and by virtue of the Defendants' failure to protect J.H. from an unsafe environment.

### This Court has Federal Question Jurisdiction Over this Action

5. Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction, as all the allegations of the Complaint assert federal law claims: (1) violation of Section 504 of the Rehabilitation Act of 1983, 29 U.S.C. § 706 against the School Board; (2) violation of Title II of the Americans with Disabilities Act, 42 U.S.C. § 1983 against the School Board; and (3) violation of 42 U.S.C. § 1983 against Hector Villafane.

6. Pursuant to 28 U.S.C. § 1446(a), Defendants have attached: a copy of the Complaint served upon it as **Exhibit 1**[1]; and a copy of all other process and pleadings served on Defendants in the State Court Action as **Composite Exhibit 2**.

7. A true and correct copy of this Notice of Removal will be filed with the Clerk of the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, in accordance with the provisions of the 28 U.S.C. § 1446(d), along with a Notice of filing, a copy of which will be served upon all parties.

## This Action is Properly Removed

8. Defendant, the School Board, was served with the Complaint on June 3, 2019. Defendant, Hector Villafane was served with the Complaint on June 6, 2019.

9. Thus, this Notice of Removal is timely filed in accordance pursuant to 28 U.S.C. § 144.

10. The undersigned state that this removal is well-grounded in fact, warranted by existing law, and not interposed for any improper purpose.

Wherefore, Defendants pray that this Court will consider this Notice of Removal, as provided by law; that this Court will make the proper orders to achieve the removal of the State Court Action to this Court; and that this Court will make such other orders as may

---

[1] The "Case No." listed on the Complaint attached at Exhibit 1 is incorrect, but instead, refers to a related action. Previously, on September 29, 2017, Plaintiff filed a separate complaint against the same Defendants, premised upon the same allegations, containing claims under state law, which action remains pending in the Circuit Court of the Thirteenth Judicial Circuit as Case No. 17-CA-009007 (the "First Case"). The First Case remains pending.

49044495;2

be appropriate to effect the preparation and filing of a true record in this cause of all proceedings that may have been in the State Court Action.

Date: June 24, 2019                                         Respectfully submitted,

       /s/ Jason L. Margolin
**JASON L. MARGOLIN**
Trial Counsel
Florida Bar No. 69881
Primary E-mail: jason.margolin@akerman.com
Secondary E-mail: judy.barton@akerman.com
**LESLIE SCHULTZ-KIN**
Florida Bar No. 230080
Primary: leslie.schultz-kin@akerman.com
Secondary: caren.collier@akerman.com
**KAREN M. BUESING**
Florida Bar No. 348491
Primary: karen.buesing@akerman.com
Secondary: corinne.bylone@akerman.com
**AKERMAN LLP**
401 E. Jackson Street, Suite 1700
Tampa, Florida 33602
Telephone: (813) 223-7333
Facsimile: (813) 223-2837
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of June, 2019, a true and correct copy of the foregoing has been served via electronic mail to Paul W. Rebein, Esquire, Rebein Brothers, P.A., email: service-rebein@rbr3.com.

       /s/ Jason L. Margolin
       Attorney