IN THE CIRCUIT COURT FOR THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISON

J.H., a minor, by J.A.H., his next
friend, parent, and natural guardian,

                Plaintiff,

vs.                                          Case No.:  17-CA-009007

THE SCHOOL BOARD OF HILLSBOROUGH
COUNTY, FLORIDA and HECTOR VILLAFANE,
                Defendants.
_____/

## COMPLAINT

COMES NOW the Plaintiff, J.H., a minor, by J.A.H., his next friend, parent, and natural guardian, and, by and through the undersigned attorneys, sues Defendant, THE SCHOOL BOARD OF HILLSBOROUGH COUNTY, FLORIDA, and HECTOR VILLAFANE, and, in support thereof, alleges as follows:

## PARTIES

1. Plaintiff, J.H., is a minor and his next friend, parent, and natural guardian, J.A.H., resides in Hillsborough County, Florida. J.H. has autism spectrum disorder ("ASM") and has limited ability to communicate verbally. At all times material hereto, J.H. was and is a qualified individual with disabilities under the definitions of the Rehabilitation Act, 29 U.S.C. s. 794, Section 504, and the Americans with Disabilities Act, Title II, 42 U.S.C. s. 12131 et seq.

2. Defendant, THE SCHOOL BOARD OF HILLSBOROUGH COUNTY, FLORIDA, (the "Board") is a governmental entity, organized under the Laws of Florida, and is the governing body of the Hillsborough County School District. The Board is responsible for the control, operation,

organization, management, and administration of public schools within Hillsborough County, Florida.

3. The Board is a "person" within the meaning of Section 393.13(5), Florida Statutes. Any violation of Section 393.13 subjects the Board to liability pursuant to "The Bill of Rights of Persons with Developmental Disabilities."

4. The Board is a recipient of federal financial assistance by virtue of its receipt of funds from the United States Department of Education.

5. Defendant, THE SCHOOL BOARD OF HILLSBOROUGH COUNTY, FLORIDA, (the "Board") is a governmental entity, organized under the Laws of Florida, and is the governing body of the Hillsborough County School District. The Board is responsible for the control, operation, organization, management, and administration of public schools within Hillsborough County, Florida.

6. Greco Middle School ("Greco") is a public school located at 6925 East Fowler Avenue in Temple Terrace, Hillsborough County, Florida. The Board exercises jurisdiction over Greco.

7. At all times material hereto, the Board was responsible for establishing policies and procedures for Hillsborough County Public Schools, including Greco, and were responsible for training and or supervising its employees, including security officers, so as to not permit a policy, custom, or practice that caused said employees to violate the Constitutional and civil rights of its students, including J.H. The School Entities were further responsible for the training of its employees, including security officers, as to the appropriate safety and supervision of their students, as well as the appropriate management of emergencies, such as medical emergencies, of students enrolled in Hillsborough County Public Schools, including Greco.

8. Defendant, HECTOR VILLAFANE, at all material times hereto, was a resident and citizen of Hillsborough County, Florida, *sui juris*, and employed by the Board as a School Resource Officer at Greco. This action is brought in part against VILLAFANE in his individual capacity.

9. At all times material hereto, VILLAFANE, was acting under the color of state law within the course and scope of his employment on behalf of the Board and Greco, and was employed by the Board and State of Florida to instruct, supervise, discipline, and assist students at Greco.

## JURISDICTION AND VENUE

10. This is an Action for damages in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of interest, costs, and attorneys' fees.

11. This Court has jurisdiction over the subject matter of Plaintiff's causes of action, pursuant to 28 U.S.C. s. 1331, because they arise under the Rehabilitation Act, 29 U.S.C. s. 794, Section 794, Section 504, the Americans with Disabilities Act, Title II, 42 U.S.C. s. 1983. Florida state courts have general jurisdiction over federal law claims.

12. Venue is proper in Hillsborough County, Florida, because the incident which is the subject of this Complaint occurred in Tampa, Hillsborough County, Florida.

13. Plaintiff has complied with all conditions precedent to the filing of this complaint, or these conditions have been waived by the Defendants.

## GENERAL ALLEGATIONS

14. This action is brought by J.H. against Defendant Board for its failure to provide reasonable accommodations for J.H.'s disability, for its failure to protect him from abuse, for discrimination based on his disability, for injuries J.H. suffered as a result of the negligence of the Defendant, and for injuries J.H. suffered by virtue of the Defendant's failure to protect J.H. from an unsafe environment that resulted in significant harm.

15. Defendant Board failed to establish policies and procedures for Hillsborough County Public School, including the failure to implement and/or follow students' health care plans and failed to train and/or supervise its employees, including security officers, so as not to permit a policy, custom, or practices that caused said employees to violate the Constitutional and civil rights of its students, including J.H.

16. Defendant Board failed to train and/or supervise its employees, including security officers, as to appropriate discipline, safety, Behavioral Plan and/or Health Care Plan compliance, and supervision of students enrolled in Hillsborough County Public Schools, including Greco.

17. At all times material hereto, in accordance with the duties set forth above, the Board was and is required to act in accordance with acceptable professional standards, best practices, and judgment.

18. The Board, had actual, express, or constructive knowledge of the unlawful abuse and/or dangerous conditions subjected upon its special-needs students, including J.H.

19. The Board, by virtue of their deliberate indifference and/or gross misjudgment, adopted a policy, practice, and custom of ignoring the unlawful abuse of its special needs students, including J.H.

20. At the time of J.H.'s abuse, J.H. was a public school student enrolled in Hillsborough County's Exceptional Student Education ("ESE") program.

21. At all times material hereto, Defendant Board occupied a special custodial relationship with J.H., as a result of his disability, with the attendant duties to provide him with a safe and effective education, free from abuse and discrimination. Moreover, Defendant had an affirmative duty to protect J.H. from unlawful abuse and maintain a safe environment for J.H.

22. J.H. was a middle school student in the ESE program at Greco for the school year beginning in August 2014 and ending in June 2015.

## FACTUAL ALLEGATIONS

23. J.H was born on January 23, 2002.

24. In May of 2003, J.H. was diagnosed with Autism, a brain development disorder that results in impaired communication social interaction. J.H. has been prescribed Strattera, Olanzapine, and Divalproex to help manage the ASD.

25. J.H. was non-verbal until he was five years old, and continues to have difficulty expressing himself verbally.

26. At all times material hereto, J.H. was a seventh grade student at Greco Middle School, where he received Exceptional Student Education ("ESE") services for his ASD.

27. In May 2015, a district resource teacher for ASD and other intellectual disorders and disabilities met with the Board's Certified Behavioral Analyst and collaborated with Greco's ESE specialist to form an Individual Education Plan (the "IEP") behavior plan for J.H. The School Entities approved of the IEP.

28. The IEP included suggestions for how to deal with J.H. if he became agitated while at school, including allowing J.H. to sit in a quiet area of the school, limiting his verbal communications and physical contact, and maintaining supervision of J.H. at all times.

29. The IEP acknowledged that J.H. had difficulty understanding the concept of "personal space". Accordingly, J.H. will sometimes reach out and grab the person he is speaking to because he does not always understand when physical contact is inappropriate. The IEP acknowledged this tendency and contained provisions on how to deal with it.

30. The IEP also noted that, if J.H. becomes agitated, he can be calmed down with positive reinforcement, drawing, and/or a phone call to his mother or sister.

31. The IEP instituted a Behavioral Plan (the "Plan") to alert school officials, including security staff, on how to appropriately handle any situation where J.H. might become agitated and aggressive.

32. The Plan instructs the Board and staff that they should refrain from initiating any physical contact with J.H. if he should be non-compliant with their directives.

33. The Plan instructs the Board and staff that J.H. should be taken to Student Affairs if J.H. is unable to calm down or becomes argumentative.

34. The Plan instructs the Board and staff to not raise ones voice or become argumentative with J.H. The Plan also outlines steps the Board and Staff should take to deescalate aggressive situations with J.H.

35. On June 02, 2015, the Board employed School Resource Officer Hector Villafane. The Board is vicariously liable for the acts and omissions of Officer Villafane while he is in the course and scope of his employment with the Board.

36. On June 02, 2015, School Resource Officer Hector Villafane ("SRO Villafane") observed J.H. in the hallway of Greco and noted that J.H. was not supposed to be there,

37. SRO Villafane asked J.H. to come with SRO Villafane, but J.H. refused.

38. SRO Villafane attempted to grab J.H. in order to get J.H. to follow SRO Villafane.

39. J.H. reacted to this attempt at physical contact by pulling away from SRO Villafane.

40. SRO Villafane then actively restrained J.H. and used a bent wrist transporter position on J.H.'s right arm.

41. SRO Villafane then escorted J.H. to school security office.

42. Once at the security office, J.H. began to complain of pain in his right arm.

43. The principal supplied J.H. with a Band-Aid and a bandage sling for J.H.'s right arm.

44. Around 10:00 AM on June 02, 2015, Greco staff contacted J.H.'s mother and told her that J.H. had experienced a rough day at school but he would not need to be sent home.

45. Around 11:00 AM, Greco staff again contacted J.H.'s mother and told her that J.H. would be sent home. Greco staff failed to mention that J.H.'s arm had been placed in a sling due to the pain J.H. experienced.

46. J.H. arrived home soon after and immediately went so sleep. J.H. did not wake up until around 7:30 in the evening.

47. When J.H. woke up, he complained to his mother of pain in his right arm.

48. J.H.'s mother noticed that the right arm was severely swollen and took J.H. to the Emergency Room at Florida Hospital.

49. At the hospital, doctors informed J.H.'s mother that J.H. suffered a comminuted spiral type fracture involving the distal shaft of the right humerus with apex anterior and lateral angulation. This injury required J.H. to undergo two surgeries.

### COUNT I – VIOLATION OF SECTION 504 OF THE REHABILITATION ACT OF 1983, 29 U.S.C. S. 706 AGAINST THE BOARD

50. J.H., a minor, by J.E.H., his next friend, parent, and natural guardian, hereby reasserts by reference in this Count the allegations of paragraphs one (1) through forty-nine (49) as if fully set forth herein.

51. This is an action brought pursuant to § 393.13 (5), Florida Statutes, for violation of the rights of a developmentally disabled person.

52. J.H.'s autism and language impairment substantially limits major life activities, including his cognitive abilities and his ability to effectively communicate.  Therefore, J.H. is considered to

be an individual with a disability under Section 504 of the Rehabilitation Act, as amended. See 29 U.S.C. s. 706(8). J.H. is otherwise qualified under Section 504 of the Rehabilitation Act because he meets the essential eligibility requirements for Defendant Board's services at all times material hereto. Furthermore, Defendant Board is a recipient of federal financial assistance.

53. The facts as set forth in full herein demonstrate that the Board acted with deliberate indifference to the rights of J.H. Specifically, the Board knowingly allowed an unqualified SRO to handle J.H. during a high stress time and failed to make reasonable accommodations for J.H. despite an IEP in place that did not allow the use of physical force on J.H., but rather discussed that his family should be called in an attempt to calm him down and/or re-focus him.

54. Despite the fact that these reasonable accommodations were simple, effective and fully known to the Board, they are meaningless if not followed.

55. The Board knew that Defendant Villafane had no meaningful training or certification in ASD, ASL, or other autistic training, or how to approach and or handle them during a high stress situation. The Board further knew that Defendant Villafane resorted to the use of improper restraint on J.H.

56. It was at least in part because of his disability that J.H. was denied his right to receive reasonable accommodations and rather became the victim of improper restraint and excessive force.

57. The Board's policies and practice, particularly the actions and omissions described hereinabove, violated J.H.'s rights under the Rehabilitation Act by discriminating at least in part on the basis of his disability.

58. The Board also denied J.H. services they made available to non-disabled students, including effective communication methods not resorting to improper restraint or physical violence.

59. The injuries, losses, damages, and increased risk of harm to J.H. were a direct and proximate result of the Board's deliberate indifference and/or gross misjudgment and discriminatory violations of J.C.s rights arising under the Rehabilitation Act and the Board's conduct which increased the risk of harm to J.H.

WHEREAS J.H., a minor, by J.E.H., his next friend, parent, and natural guardian, demands judgment against Defendant for damages as stated above, for compensatory damages, pre-judgment interest, cost of suit and statutory attorney's fees, and for such other relief as this Court deems just and proper.

### COUNT II – VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. 12131 AGAINST THE BOARD

60. J.H., a minor, by J.E.H., his next friend, parent, and natural guardian, hereby reasserts by reference in this Count the allegations of paragraphs one (1) through forty-nine (49) as if fully set forth herein.

61. This is an action brought pursuant to § 393.13 (5), Florida Statutes, for violation of the rights of a developmentally disabled person.

62. J.H.'s autism and language impairment substantially limits major life activities, including his cognitive abilities and his ability to effectively communicate.  Therefore, J.H. is considered to be an individual with a disability under Section 504 of the Rehabilitation Act, as amended.  See 29 U.S.C. s. 706(8).  J.H. is otherwise qualified under Section 504 of the Rehabilitation Act

because he meets the essential eligibility requirements for Defendant Board's services at all times material hereto.  Furthermore, Defendant Board is a recipient of federal financial assistance.

63. The facts as set forth in full herein demonstrate that the Board acted with deliberate indifference to the rights of J.H.  Specifically, the Board knowingly allowed an unqualified SRO to handle J.H. during a high stress time and failed to make reasonable accommodations for J.H. despite an IEP in place that did not allow the use of physical force on J.H., but rather discussed that his family should be called in an attempt to calm him down and/or re-focus him.

64. Despite the fact that these reasonable accommodations were simple, effective and fully known to the Board, they are meaningless if not followed.

65. The Board knew that Defendant Villafane had no meaningful training or certification in ASD, ASL, or other autistic training, or how to approach and or handle them during a high stress situation.  The Board further knew that Defendant Villafane resorted to the use of improper restraint on J.H.

66. It was at least in part because of his disability that J.H. was denied his right to receive reasonable accommodations and rather became the victim of improper restraint and excessive force.

67. The Board's policies and practice, particularly the actions and omissions described hereinabove, violated J.H.'s rights under the Americans with Disabilities Act by discriminating at least in part on the basis of his disability.

68. The Board also denied J.H. services they made available to non-disabled students, including effective communication methods not resorting to improper restraint or physical violence.

69. The injuries, losses, damages, and increased risk of harm to J.H. were a direct and proximate result of the Board's deliberate indifference and/or gross misjudgment and discriminatory violations of J.C.s rights arising under the Americans with Disabilities Act and the Board's conduct which increased the risk of harm to J.H.

WHEREAS J.H., a minor, by J.E.H., his next friend, parent, and natural guardian, demands judgment against Defendant for damages as stated above, for compensatory damages, pre-judgment interest, cost of suit and statutory attorney's fees, and for such other relief as this Court deems just and proper.

**COUNT III – VIOLATION OF 42 U.S.C. 1983 AGAINST VILLAFANE – FOURTEENTH AMENDMENT**

70. J.H., a minor, by J.E.H., his next friend, parent, and natural guardian, hereby reasserts by reference in this Count the allegations of paragraphs one (1) through forty-nine (49) as if fully set forth herein.

71. This is a civil action for money damages against VILLAFANE pursuant to Title 42 U.S.C. s. 1983 for deprivation of J.H.'s constitutional civil rights and his Fourteenth Amendment due process liberty interest.

72. Villafane's use of the bent wrist transporter position hold on minor J.H. with such force that it caused a spiral fracture of his arm, was objectively unreasonable in light of the facts and circumstances confronting him, was shocking to the conscience, arbitrary and egregious and for the purpose of causing physical harm, pain, suffering and/or emotional or psychological trauma to J.H. in violation of his Fourteenth Amendment due process liberty rights protected by the U.S. Constitution to be free from excessive force by those operating under color of state law

73. As a direct and proximate result of Villafane's misconduct, J.H. has suffered physical, emotional, and monetary damages.

## DEMAND FOR JURY TRIAL

J.H. hereby demands a trial by jury on all claims set forth herein.

DATED: May 24, 2019

        Respectfully Submitted,

        /s/ Paul W. Rebein, Esq.
        **PAUL W. REBEIN, ESQUIRE**
        Florida Bar No.: 0488003
        **Rebein Brothers, P.A.**
        100 Ashley Drive South, Suite 610
        Tampa, FL 33602
        Tel. (813) 305-7285
        Fax. (813) 402-0288
        Service-rebein@rbr3.com
        *Attorney for Plaintiff*