## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**J.H., by J.A.H., his next friend, parent
and natural guardian,**

    **Plaintiff,**        **Case No. 8:19-cv-1523-T-02SPF**

**vs.**             **DISPOSITIVE MOTION**

**THE SCHOOL BOARD OF
HILLSBOROUGH COUNTY, FLORIDA and
HECTOR VILLAFANE,**

    **Defendants.**
_____/

## DEFENDANTS' MOTION TO DISMISS WITH PREJUDICE
## AND INCORPORATED MEMORANDUM OF LAW

Defendants, The School Board of Hillsborough County, Florida (the "School Board")
and Hector Villafane (collectively, "Defendants"), by and through their undersigned counsel,
pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, move to dismiss the
Complaint of Plaintiff J.H., by J.A.H., his next friend, parent and natural guardian ("Plaintiff")
with prejudice, and in support, state:

## INTRODUCTION

This Court should dismiss this action with prejudice, because the same Plaintiff is
currently litigating overlapping claims, premised on the exact same allegations (an arm injury
on June 2, 2015), against the same defendants in state court. Thus, the complaint in this case
reflects improper claim-splitting, and should be dismissed with prejudice.

49270293;3

## **BACKGROUND FACTS**

In 2015, Plaintiff was a middle school student in Hillsborough County, Florida, who has autism spectrum disorder. *See* Dkt. 1-3, the Complaint ("Compl."), ¶¶ 1, 22. Plaintiff alleges that this action was brought against the School Board for its alleged: "failure to provide reasonable accommodations for J.H.'s disability, for its failure to protect him from abuse, for discrimination based on his disability, for injuries J.H. suffered as a result of the negligence of the Defendant, and for injuries J.H. suffered by virtue of the Defendant's failure to protect J.H. from an unsafe environment that resulted in significant harm." *Id.*, ¶ 14. Plaintiff has also sued "School Resource Officer Hector Villafane" and alleged that the School Board is "vicariously liable for the acts and omissions of Officer Villafane." *Id.*, ¶ 35. Plaintiff alleges that his arm was injured when Officer Villafane "actively restrained" Plaintiff and "used a bent writ transporter position" to escort Plaintiff to the school security office on June 2, 2015. *See id.*, ¶¶ 36-49.

Plaintiff filed this case on May 24, 2019, in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida ("*J.H. II*").[1] But critically, when *J.H. II* was filed, Plaintiff's related case was already pending between the parties. Specifically, Plaintiff had previously filed a state court case on September 29, 2017, against the same Defendants, premised upon the exact same allegations, and containing claims under state law ("*J.H. I*"). Indeed, *J.H. I* remains pending and is being actively litigated at this time.

---

[1] This action (i.e., *J.H. II*) was styled *J.H., a minor, by J.A.H, his next friend, parent, and natural guardian, v. The School Board of Hillsborough County, Florida and Hector Villafane*, Case No. 19-CA-5492 (Fla. 13th Jud'l Cir.) prior to removal to this Court.

49270293;3

*J.H. I* is styled *J.H., a minor, by J.A.H, his next friend, parent, and natural guardian, v. Hillsborough County School Board, Hillsborough County School District, and Hector Villafane, an individual*, Case No. 17-CA-009007 (Fla. 13th Jud'l Cir.)[2]. Defendants ask the Court to take judicial notice of *J.H. I. See Horne v. Potter*, 392 F. App'x 800 (11th Cir. 2010) (affirming order granting motion to dismiss and stating that district court may take judicial notice of documents in another case, which were public records); Fed. R. Evid. 201(b)(2). Specifically, Defendants ask the Court to take judicial notice of Plaintiff's original Complaint in *J.H. I* (attached as **Exhibit 1**) and Plaintiff's Amended Complaint in *J.H. I* (attached as **Exhibit 2**).[3] The *J.H. I* case arises from the same alleged incident on June 2, 2015 involving Plaintiff's arm. *See* Ex. 1, ¶¶ 16, 37-50; Ex. 2, ¶¶ 17, 38-52.

In this case, *J.H. II*, which has been removed to this Court by the Defendants, Plaintiff attempts another bite at the apple, this time asserting three federal claims against the Defendants based on identical facts and with the same parties as *J.H. I*: Count I - Violation of Section 504 of the Rehabilitation Act of 1983, 29 U.S.C. § 706 against the School Board; Count II - Violation of Title II of the Americans with Disabilities Act, 42 U.S.C. § 1983 against the School Board; and Count III - Violation of 42 U.S.C. § 1983 against Hector Villafane. *See* Compl. ¶¶ 50-73. Because the *J.H. II* Complaint alleges claims under federal statutes,

---

[2]Although separately named in the *J.H. I* Complaint, the School Board and School District are both the same legal entity, which is properly named The School Board of Hillsborough County, Florida. *See* Fla. Stat. § 1001.40. Thus, the only two defendants in the *J.H. I* case were the School Board and Hector Villafane.

[3] In *J.H. I*, Plaintiff amended, dropping Hector Villafane as a defendant, after the Court granted Defendants' motion for judgment on the pleadings, without prejudice.

Defendant removed *J.H. II* to this Court. The Complaint, however, is subject to dismissal on the grounds that Plaintiff has engaged in impermissible claim-splitting.

## LEGAL ARGUMENT

### A.     STANDARD FOR MOTION TO DISMISS.

A complaint may be dismissed for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Improper claim-splitting may be raised by way of a motion to dismiss for failure to state a claim. *See Vanover v. NCO Fin. Serv., Inc.*, 857 F.3d 833 (11th Cir. 2017).

### B.     THE COMPLAINT SHOULD BE DISMISSED BASED ON CLAIM-SPLITTING.

Both *J.H. I* and *J.H. II* involve the same parties – the Plaintiff, the School Board and Hector Villafane (the school resource officer). Plaintiff dropped Hector Villafane as a defendant in *J.H. I*, after the court granted Defendants' motion for judgment on the pleadings, without prejudice, on September 28, 2018. But this does not affect the analysis here. This Court may dismiss a complaint for improper claim-slitting even when the parties are not exact, if both suits arose out of the same wrongful acts. *See Bowman v. Coddington*, 517 F. App'x 683, 684 (11th Cir. 2013) (affirming dismissal based on Florida rule against splitting causes of action where plaintiff sought relief in the federal court against an individual defendant and his new business entity, while maintaining suit in Florida state court on the same underlying facts, against the same individual defendant only).

Both *J.H. I* and *J.H. II* involve identical facts – the same incident involving the same alleged injury to Plaintiff's arm. *Compare* Complaint ¶¶ 14, 36-49 *with See* Ex. 1, ¶¶ 16, 37-

50; Ex. 2, ¶¶ 17, 38-52. By filing two separate cases, Plaintiff has engaged in impermissible claim-splitting.

The Eleventh Circuit's decision in *Vanover v. NCO Fin. Serv., Inc.*, which is controlling, requires dismissal here. *Id.*, 857 F.3d 833, 841 (11th Cir. 2017) ("the claim-splitting rule exists to allow district courts to manage their dockets and dispense with duplicative litigation"). In *Vanover*, the plaintiff brought suit in federal court, alleging the defendant violated the Telephone Consumer Protection Act ("TCPA"). *See id.* at 836. Subsequently, the same plaintiff filed a second case in state court, claiming the same defendant violated the TCPA during an additional time period. *See id.* at 837. Plaintiff also asserted two additional causes of action in the second, state court case for violations of the Fair Debt Collection Practices Act ("FDCPA") and the Florida Consumer Collection Practices Act ("FCCPA"). *See id.*

The defendant in *Vanover* removed the second case to federal court[4] and filed a motion to dismiss, contending the plaintiff had violated the prohibition against claim-splitting. *See id.* The second case named the same plaintiff and defendant as the first case. *See id.* The facts of both cases were also the same. *See id.* The district court granted the defendant's motion to dismiss, with prejudice, finding that both cases involved the same parties along with a common nucleus of operative fact and that, as a result, the second case violated the prohibition against claim-splitting. *See id.*

---

[4] The Eleventh Circuit has also found claim-splitting where, as here, the concurrent action was pending in state court rather than federal court. *See Bowman*, 517 F. App'x. at 683.

49270293;3

The Eleventh Circuit affirmed the district court's ruling, embracing a decision in the Tenth Circuit, in which the court opined:

> The rule against claim-splitting requires a plaintiff to assert all of its causes of action arising from a common set of facts in one lawsuit. By spreading claims around in multiple lawsuits in other courts or before other judges, parties waste 'scarce judicial resources' and undermine 'the efficient and comprehensive disposition of cases.'

*Id.* at 841, *quoting Hartsel Springs Ranch of Colo., Inc. v. Bluegreen Corp.*, 296 F.3d 982, 985 (10th Cir. 2002); *see also Curtis v. Citibank, N.A.*, 226 F.3d 133, 139 (2d Cir. 2000) ("[P]laintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time.").

The Eleventh Circuit recognized "[i]t is well settled that a plaintiff 'may not file duplicative complaints in order to expand their legal rights.'" *Id.* at 841, *quoting Greene v. H&R Block E. Enters., Inc.*, 727 F. Supp. 2d 1363, 1367 (S.D. Fla. 2010) (*quoting Curtis*, 226 F.3d at 140). The claim-splitting doctrine thereby "ensures that a plaintiff may not 'split up his demand and prosecute it by piecemeal, or present only a portion of the grounds upon which relief is sought, and leave the rest to be presented in a second suit, if the first fails.'" *Id.* at 841 (internal citations omitted).

The district court in *Vanover* applied – and the Eleventh Circuit adopted – a two-factor test whereby the court "analyzes (1) whether the case involves the same parties and their privies, and (2) whether separate cases arise from the same transaction or series of transactions." *Id.* at 841-42. Here, in both *J.H. I* and *J.H. II*, Plaintiff sued the School Board and Hector Villafane, thereby meeting the first part of the test. Both cases also allege the same

6

facts regarding the same June 2, 2015 incident and the same alleged injury to Plaintiff's arm. Accordingly, the second part of the test is indisputably satisfied.

Lastly, the Eleventh Circuit in *Vanover* made clear that claim-splitting is not defeated by additional causes of action brought in a second case. *See Vanover*, 857 F.3d at 843. The *Vanover* plaintiff included two new causes of action in the second case, alleging violations of the FDCPA and FCCPA. *See id.* The court found, however, that those claims arose "out of the same transactional nucleus of facts as the TCPA claim asserted in [the first case]." *Id.* Accordingly, the addition of separate causes of action in the second case did not prevent application of the claim-splitting doctrine. *See id.* "To rule otherwise would defeat the objective of the claim-splitting doctrine to promote judicial economy and shield parties from vexatious and duplicative litigation while empowering the district court to manage its docket." *Id.* The Eleventh Circuit affirmed the district court's decision to dismiss the second case, with prejudice, for improper claim-splitting.

Like in *Vanover*, here, Plaintiff has attempted to bring additional claims in a second lawsuit. The claims, however, arise out of the same nucleus of facts regarding the same alleged incident on June 2, 2015. Plaintiff is precluded from splitting his claims in *J.H. I* and *J.H. II*. The factual bases for both lawsuits are identical, and Plaintiff's claims form a "convenient trial unit." *Id.* at 842. This case should be dismissed with prejudice.

WHEREFORE, Defendants The School Board of Hillsborough County, Florida and Hector Villafane respectfully request the dismissal with prejudice of Plaintiff's Complaint, and such other and further relief as is appropriate.

49270293;3

Date: July 1, 2019                    Respectfully submitted,

                                       */s/ Jason L. Margolin*
                                      **JASON L. MARGOLIN**
                                      Trial Counsel
                                      Florida Bar No. 69881
                                      Primary E-mail: jason.margolin@akerman.com
                                      Secondary E-mail: judy.barton@akerman.com
                                      **LESLIE SCHULTZ-KIN**
                                      Florida Bar No. 230080
                                      Primary: leslie.schultz-kin@akerman.com
                                      Secondary: caren.collier@akerman.com
                                      **KAREN M. BUESING**
                                      Florida Bar No. 348491
                                      Primary: karen.buesing@akerman.com
                                      Secondary: corinne.bylone@akerman.com
                                      **AKERMAN LLP**
                                      401 E. Jackson Street, Suite 1700
                                      Tampa, Florida 33602
                                      Telephone: (813) 223-7333
                                      Facsimile: (813) 223-2837
                                      ***Attorneys for Defendants***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of July, 2019, I filed the foregoing with the Court via CM/ECF, which will serve a true and correct copy of the foregoing via email service on all counsel of record, including Plaintiff's counsel, Paul W. Rebein, Esquire, Rebein Brothers, P.A., email: service-rebein@rbr3.com.

                                       */s/ Jason L. Margolin*
                                      Attorney

49270293;3